# Exhibit A

Clerk of the Superior Court
*** Electronically Filed ***
J. Nelson, Deputy
3/2/2021 2:46:16 PM
Filing ID 12605587

Jacob W. Hippensteel (#032713)
Jacob.Hippensteel@McCarthyLawyer.com
McCarthy Law PLC
4250 N. Drinkwater Blvd., Ste. 320
Scottsdale, Arizona 85251
Phone: 602-456-8900
Fax: 602-218-4447

Attorney for Plaintiffs
John DeSouza & Bella DeSouza

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
## IN AND FOR THE COUNTY OF PIMA

| | |
|---|---|
| John DeSouza and Bella DeSouza,<br><br>        Plaintiffs,<br><br>v.<br><br>The Money Source Inc.; Wells Fargo, N.A.; Experian Information Solutions, Inc.; Equifax Information Services, LLC; and TransUnion, LLC<br><br>        Defendants. | Case No.:   **CV2021-003362**<br><br><br>**COMPLAINT** |

Plaintiffs, John DeSouza and Bella DeSouza, by and through undersigned counsel, upon information and belief, hereby complains as follows:

### I.        INTRODUCTION

1.        This action arises out of Defendants' violations of the Fair Credit Reporting Act ("FCRA") whereby Plaintiffs discovered inaccurate information reporting on their consumer credit reports, disputed that inaccurate information, and Defendants have willfully or negligently refused to correct the inaccurate information on Plaintiffs' consumer credit report, damaging Plaintiff.

### II.        PARTIES

2.        Plaintiffs each are, and were at all times hereinafter mentioned, residents of the County of Pima, Arizona.

COMPLAINT

3.      At all times pertinent hereto, Plaintiffs were each a "consumer" as that term is defined by 15 U.S.C. § 1681(a)(c).

4.      Defendant, The Money Source Inc. (hereinafter "Money Source"), is and at all times relevant hereto was, a financial and lending institution regularly doing business in the State of Arizona.

5.      At all times pertinent hereto, Defendant Money Source was a "person" as that term is defined in 15 U.S.C. § 1681a(b) and also a "furnisher" of credit information as that term is described in 15 U.S.C. § 1681s-2 *et seq.*

6.      Defendant, Wells Fargo, N.A., (hereinafter "Wells Fargo"), is and at all times relevant hereto was, a financial and lending institution regularly doing business in the State of Arizona.

7.      At all times pertinent hereto, Defendant Wells Fargo was a "person" as that term is defined in 15 U.S.C. § 1681a(b) and also a "furnisher" of credit information as that term is described in 15 U.S.C. § 1681s-2 *et seq.*

8.      Defendants Experian Information Solutions, Inc., Equifax Information Services, LLC, and TransUnion, LLC are each a credit reporting agency, licensed to do business in Arizona and regularly conducting business within the state of Arizona.

9.      Experian, Equifax, and TransUnion each regularly engage in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d), to third parties.

10.     Experian, Equifax, and TransUnion each furnish such consumer reports to third parties under contract for monetary compensation.

11.     At all times pertinent hereto, Defendants Experian, Equifax, and TransUnion were each a "person" and "consumer reporting agency" as those terms are defined by 15 U.S.C. § 1681a(b) and (f).

COMPLAINT

### III.   JURISDICTION AND VENUE

12.     That the Court has jurisdiction over this action pursuant to 15 U.S.C. § 1681p, the Fair Credit Reporting Act ("FCRA").

13.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and as the Plaintiffs each reside in and the injury occurred in Pima County, Arizona and Defendants do business in Arizona.

14.     Personal jurisdiction exists over Defendants as Plaintiffs reside in Arizona, Defendants have the necessary minimum contacts with the state of Arizona, and this suit arises out of specific conduct with Plaintiffs in Arizona.

### IV.   FACTUAL ALLEGATIONS

15.     Plaintiffs are each a consumer who are the victims of inaccurate reporting by Defendant Money Source, Wells Fargo, Experian, Equifax, and TransUnion (collectively, "Defendants"), and each have suffered particularized and concrete harm.

16.     Experian, Equifax, and TransUnion are the three largest consumer reporting agencies ("CRAs") as defined by 15 U.S.C. § 1681(a)(f).

17.     The CRAs' primary business is the sale of consumer reports (commonly referred to as "credit reports") to third parties and consumers.

18.     Experian, Equifax, and TransUnion have a duty, under the FCRA, to follow reasonable procedures to ensure that the consumer reports they sell meet the standard of "maximum possible accuracy."  15 U.S.C. § 1681(e)(B).

19.     In December 2015, Plaintiffs submitted their Schedule E/F of creditors who have unsecured claims as part of their Chapter 7 bankruptcy.

20.     Defendant Wells Fargo was included in the Schedule E/F.

21.     Defendant Money Source was not included in the Schedule E/F.

22.     In November 2020, Plaintiffs discovered their Money Source account was being reported on their credit reports as discharged and included in bankruptcy even though it was not included in the bankruptcy.

COMPLAINT

23. In November 2020, Plaintiff John Desouza, discovered that his Wells Fargo account was not being reporting as discharged in bankruptcy, nor that it was included in the bankruptcy even the Wells Fargo Account was included in the bankruptcy and discharged.

24. In spite of not being included in Plaintiffs' bankruptcy, Defendant Money Source continued, erroneously, to report the account as discharged and included in bankruptcy, to Experian, Equifax, and TransUnion, who reported this information on Plaintiffs' consumer reports.

25. In spite of being included in Plaintiffs' bankruptcy, Defendant Wells Fargo continued, erroneously, to report the account was not discharged and included in Plaintiffs' bankruptcy, to Experian, Equifax, and TransUnion, who reported this information on Plaintiff, John DeSouza's, consumer report.

26. The false information regarding the Money Source and Wells Fargo Account (hereinafter the "Accounts") appearing on Plaintiffs' consumer reports harms the Plaintiffs because it does not accurately depict Plaintiffs' credit history and creditworthiness.

### PLAINTIFF'S WRITTEN DISPUTE

27. On or about November 2020, Plaintiffs sent written disputes to Experian, Equifax, and TransUnion (the "Dispute Letters"), disputing the inaccurate information regarding the Accounts reporting on Plaintiffs' consumer reports.

28. Upon information and belief, Experian, Equifax, and TransUnion each forwarded Plaintiffs' Dispute Letters to Defendants Money Source and Wells Fargo.

29. Upon information and belief, Money Source and Wells Fargo received notification of Plaintiffs' Dispute Letters from Experian, Equifax, and TransUnion.

30. Money Source and Wells Fargo did not conduct an investigation, contact Plaintiffs, contact third-parties, or review underlying account information with respect to the disputed information and the accuracy of the Accounts.

31.   Experian did not conduct an investigation, contact Plaintiffs, contact third-parties, or review underlying account information with respect to the disputed information and the accuracy of the Accounts.

32.   Equifax did not conduct an investigation, contact Plaintiffs, contact third-parties, or review underlying account information with respect to the disputed information and the accuracy of the Accounts.

33.   TransUnion did not conduct an investigation, contact Plaintiffs, contact third-parties, or review underlying account information with respect to the disputed information and the accuracy of the Accounts.

34.   Upon information and belief, Money Source and Wells Fargo failed to instruct Experian, Equifax, and TransUnion to remove the false information regarding the Accounts reporting on Plaintiff's consumer reports.

35.   Experian, Equifax, and TransUnion each employed an investigation process that was not reasonable and did not remove the false information regarding the Accounts identified in Plaintiffs' Dispute Letters.

36.   At no point after receiving the Dispute Letters did Money Source, Wells Fargo, Experian, Equifax, and/or TransUnion communicate with Plaintiffs to determine the veracity and extent of the information contained in Plaintiffs' Dispute Letters.

37.   Experian, Equifax, and TransUnion relied on their own judgment and the information provided to them by Money Source and Wells Fargo, rather than grant credence to the information provided by Plaintiffs.

### COUNT I – TRANSUNION

#### FAIR CREDIT REPORTING ACT VIOLATION – 15 U.S.C. § 1681e(b)

38.   Plaintiff, Bella DeSouza, re-alleges and reaffirms the above paragraphs as though fully set forth herein.

39.   After receiving the Dispute Letter, TransUnion failed to correct the false information regarding the Money Source Account reporting on Plaintiff's consumer

5                                                    COMPLAINT

report.

40.     Defendant TransUnion violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files each published and maintained concerning Plaintiff.

41.     As a result of this conduct, action, and inaction by Defendant TransUnion, Plaintiff suffered damage, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

42.     TransUnion's conduct, action, and inaction were willful, rendering each liable to Plaintiff for punitive damages pursuant to 15 U.S.C. § 1681n.

43.     In the alternative TransUnion's conduct was negligent, entitling Plaintiff to recover damages under 15 U.S.C. § 1681o.

44.     Plaintiff is entitled to recover costs and attorneys' fees from Defendant TransUnion, pursuant to 15 U.S.C. § 1681n and/or § 1681o.

COUNT II – TRANSUNION

FAIR CREDIT REPORTING ACT VIOLATION – 15 U.S.C. § 1681(i)

45.     Plaintiff, Bella DeSourza, re-alleges and reaffirms the above paragraphs as though fully set forth herein.

46.     After receiving the Dispute Letter TransUnion failed to correct the false information regarding the Money Source Account it was reporting on Plaintiff's consumer reports.

47.     TransUnion violated 15 U.S.C. § 1681i by failing to delete inaccurate information in Plaintiff's credit files after receiving actual notice of such inaccuracies, by failing to conduct lawful reinvestigations, and by failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiff's credit files.

COMPLAINT

48.    As a result of this conduct, action and inaction of TransUnion, Plaintiff suffered damage, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

49.    TransUnion's conduct, action, and inaction were willful, rendering each liable to Plaintiff for punitive damages pursuant to 15 U.S.C. § 1681n.

50.    In the alternative, TransUnion was negligent, entitling Plaintiff to recover damages under 15 U.S.C. § 1681o.

51.    Plaintiff is entitled to recover costs and attorneys' fees from TransUnion pursuant to 15 U.S.C. § 1681n and/or § 1681o.

## COUNT III – EXPERIAN

### FAIR CREDIT REPORTING ACT VIOLATION – 15 U.S.C. § 1681e(b)

52.    Plaintiff, John DeSouza, re-alleges and reaffirms the above paragraphs as though fully set forth herein.

53.    After receiving the Dispute Letter, Experian failed to correct the false information regarding the Money Source Account reporting on Plaintiff's consumer report.

54.    Defendant Experian violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files each published and maintained concerning Plaintiff.

55.    As a result of this conduct, action, and inaction by Defendant Experian, Plaintiff suffered damage, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the trier of fact.

56.    Experian's conduct, action, and inaction were willful, rendering each liable

COMPLAINT

1    to Plaintiff for punitive damages pursuant to 15 U.S.C. § 1681n.

2    57.    In the alternative Experian's conduct was negligent, entitling Plaintiff to

3    recover damages under 15 U.S.C. § 1681o.

4    58.    Plaintiff is entitled to recover costs and attorneys' fees from Defendant

5    Experian, pursuant to 15 U.S.C. § 1681n and/or § 1681o.

6    COUNT IV – EXPERIAN

7    FAIR CREDIT REPORTING ACT VIOLATION – 15 U.S.C. § 1681(i)

8    59.    Plaintiff, John DeSourza, re-alleges and reaffirms the above paragraphs as

9    though fully set forth herein.

10    60.    After receiving the Dispute Letter Experian failed to correct the false

11    information regarding the Money Source Account it was reporting on Plaintiff's

12    consumer reports.

13    61.    Experian violated 15 U.S.C. § 1681i by failing to delete inaccurate

14    information in Plaintiff's credit files after receiving actual notice of such inaccuracies,

15    by failing to conduct lawful reinvestigations, and by failing to maintain reasonable

16    procedures with which to filter and verify disputed information in Plaintiff's credit

17    files.

18    62.    As a result of this conduct, action and inaction of Experian, Plaintiff

19    suffered damage, and continues to suffer, actual damages, including economic loss,

20    damage to reputation, emotional distress and interference with Plaintiff's normal and

21    usual activities for which Plaintiff seeks damages in an amount to be determined by

22    the trier of fact.

23    63.    Experian's conduct, action, and inaction were willful, rendering each liable

24    to Plaintiff for punitive damages pursuant to 15 U.S.C. § 1681n.

25    64.    In the alternative, Experian was negligent, entitling Plaintiff to recover

26    damages under 15 U.S.C. § 1681o.

27    65.    Plaintiff is entitled to recover costs and attorneys' fees from Experian

28    pursuant to 15 U.S.C. § 1681n and/or § 1681o.

COMPLAINT

## Count V – Equifax

### Fair Credit Reporting Act Violation – 15 U.S.C. § 1681e(b)

66.     Plaintiffs re-allege and reaffirm the above paragraphs as though fully set forth herein.

67.     After receiving the Dispute Letters, Equifax failed to correct the false information regarding the Money Source Account reporting on Plaintiffs' consumer reports and failed to correct the false information regarding the Wells Fargo Account reporting on Plaintiff, John DeSouza's, consumer report.

68.     Defendant Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files each published and maintained concerning Plaintiffs.

69.     As a result of this conduct, action, and inaction by Defendant Equifax, Plaintiffs suffered damage, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiffs' normal and usual activities for which Plaintiffs seeks damages in an amount to be determined by the trier of fact.

70.     Equifax's conduct, action, and inaction were willful, rendering each liable to Plaintiffs for punitive damages pursuant to 15 U.S.C. § 1681n.

71.     In the alternative Equifax's conduct was negligent, entitling Plaintiffs to recover damages under 15 U.S.C. § 1681o.

72.     Plaintiffs are entitled to recover costs and attorneys' fees from Defendant Equifax, pursuant to 15 U.S.C. § 1681n and/or § 1681o.

## Count VI – Equifax

### Fair Credit Reporting Act Violation – 15 U.S.C. § 1681(i)

73.     Plaintiffs re-allege and reaffirm the above paragraphs as though fully set forth herein.

74.     After receiving the Dispute Letters Equifax failed to correct the false

COMPLAINT

information regarding the Money Source Account it was reporting on Plaintiffs' consumer reports and failed to correct the false information regarding the Wells Fargo Account it was reporting on Plaintiff, John DeSouza's, consumer report.

75.     Equifax violated 15 U.S.C. §  1681i by failing to delete inaccurate information in Plaintiffs' credit files after receiving actual notice of such inaccuracies, by failing to conduct lawful reinvestigations, and by failing to maintain reasonable procedures with which to filter and verify disputed information in Plaintiffs' credit files.

76.     As a result of this conduct, action and inaction of Equifax, Plaintiffs suffered damage, and continues to suffer, actual damages, including economic loss, damage to reputation, emotional distress and interference with Plaintiffs' normal and usual activities for which Plaintiffs seek damages in an amount to be determined by the trier of fact.

77.     Equifax's conduct, action, and inaction were willful, rendering each liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §1681n.

78.     In the alternative, Equifax was negligent, entitling Plaintiffs to recover damages under 15 U.S.C. §1681o.

79.     Plaintiffs are entitled to recover costs and attorneys' fees from Equifax pursuant to 15 U.S.C. §1681n and/or §1681o.

### COUNT VII – MONEY SOURCE

### (FAIR CREDIT REPORTING ACT VIOLATION – 15 U.S.C. § 1681s-2(B))

80.     Plaintiffs re-allege and reaffirm the above paragraphs as though fully set forth herein.

81.     After receiving the Dispute Letters, Money Source failed to correct the false information regarding the Accounts reporting on Plaintiffs' consumer report.

82.     Defendant violated 15 U.S.C. § 1681s-2(b) by failing to fully and properly investigate Plaintiffs' disputes of Defendant Money Source's representations; by failing to review all relevant information regarding Plaintiffs' disputes; by failing to accurately

COMPLAINT

respond to credit reporting agencies; by verifying false information; and by failing to permanently and lawfully correct its own internal records to prevent the re-reporting of Defendant Money Source's representations to consumer credit reporting agencies, among other unlawful conduct.

83.     As a result of this conduct, action, and inaction of Defendant Money Source, Plaintiffs suffered damages, and continue to suffer, actual damages, including economic loss, damage to reputation, emotional distress, and interference with Plaintiffs' normal and usual activities for which Plaintiffs seek damages in an amount to be determined by the trier of fact.

84.     Defendant Money Source's conduct, action, and inaction were willful, rendering Defendant liable to Plaintiffs for punitive damages pursuant to 15 U.S.C. § 1681n.

85.     In the alternative, Defendant Money Source was negligent, entitling Plaintiffs to recover damages under 15 U.S.C. § 1681o.

86.     Plaintiffs are entitled to recover costs and attorneys' fees from Defendant Money Source pursuant to 15 U.S.C. § 1681n and/or 15 U.S.C. § 1681o.

## COUNT VIII – WELLS FARGO

### (FAIR CREDIT REPORTING ACT VIOLATION – 15 U.S.C. § 1681s-2(B))

87.     Plaintiffs re-allege and reaffirm the above paragraphs as though fully set forth herein.

88.     After receiving the Dispute Letter, Wells Fargo failed to correct the false information regarding the Accounts reporting on Plaintiff, John DeSouza's consumer report.

89.     Defendant violated 15 U.S.C. § 1681s-2(b) by failing to fully and properly investigate Plaintiff's disputes of Defendant Wells Fargo's representations; by failing to review all relevant information regarding Plaintiff's dispute; by failing to accurately respond to credit reporting agencies; by verifying false information; and by failing to permanently and lawfully correct its own internal records to prevent the re-reporting

COMPLAINT

1   of Defendant Wells Fargo's representations to consumer credit reporting agencies,

2   among other unlawful conduct.

3       90.     As a result of this conduct, action, and inaction of Defendant Wells Fargo,

4   Plaintiff suffered damages, and continues to suffer, actual damages, including

5   economic loss, damage to reputation, emotional distress, and interference with

6   Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount

7   to be determined by the trier of fact.

8       91.     Defendant Wells Fargo's conduct, action, and inaction were willful,

9   rendering Defendant liable to Plaintiff for punitive damages pursuant to 15 U.S.C. §

10   1681n.

11       92.     In the alternative, Defendant Wells Fargo was negligent, entitling Plaintiff

12   to recover damages under 15 U.S.C. § 1681o.

13       93.     Plaintiff is entitled to recover costs and attorneys' fees from Defendant

14   Wells Fargo pursuant to 15 U.S.C. § 1681n and/or 15 U.S.C. § 1681o.

15 **PRAYER FOR RELIEF**

16      **WHEREFORE**, Plaintiffs seek a reasonable and fair judgment against Defendants

17   for willful noncompliance of the Fair Credit Reporting Act and seeks their statutory

18   remedies as defined by 15 U.S.C. § 1681 and demands:

19      A.   Actual damages to be proven at trial, or statutory damages pursuant to 15 U.S.C.

20          § 1681n(a)(1)(A), of not less than $100 and not more than $1,000 per violation;

21      B.   Punitive damages, pursuant 15 U.S.C. § 1681n(a)(2), for Defendant's willful

22          violation;

23      C.   The costs of instituting this action together with reasonable attorney's fees

24          incurred by Plaintiff pursuant to 15 U.S.C. § 1681n(a)(3); and

25      D.   Any further legal and equitable relief as the court may deem just and proper in

26          the circumstances.

27 **TRIAL BY JURY**

28   Pursuant to the seventh amendment to the Constitution of the United States of

12

1    America, Plaintiffs are entitled to, and hereby demands, a trial by jury.

2

3        Respectfully submitted March 2, 2021

4                                        MCCARTHY LAW, PLC

5                                        /s/ Jacob W. Hippensteel
6                                        Jacob W. Hippensteel, Esq.
                                         Attorneys for Plaintiff
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT

Clerk of the Superior Court
*** Electronically Filed ***
J. Nelson, Deputy
3/2/2021 2:46:16 PM
Filing ID 12605588

**In the Superior Court of the State of Arizona
In and For the County of Maricopa**

**Plaintiff's Attorneys:**
Kevin F McCarthy                                          CV2021-003362
Bar Number: 011017, issuing State: AZ
Law Firm: McCarthy Law PLC
4250 N. Drinkwater Blvd, Ste 320
Scottsdale, AZ 85251
Telephone Number: (602)492-2826
Email address: kevin.mccarthy@mccarthylawyer.com

Jacob Hippensteel - Primary Attorney
Bar Number: 032713, issuing State: AZ
Law Firm: McCarthy Law PLC
Telephone Number: (602)456-8900

**Plaintiffs:**
John Desouza

Bella DeSouza

**Defendants:**
The Money Source Inc.
c/o CT Corporation System 3800 N Central Ave Ste 460
Phoenix, AZ 85012

Wells Fargo, N.A.
101 N Phillips Ave 8825 N 23rd Ave Ste 100
Sioux Falls, SD 57104

Experian Information Solutions, Inc.
c/o CT Corporation System 3800 N Central Ave Ste 460
Phoenix, AZ 85012

Equifax Information Services, LLC
c/o Corporation Service Company 8825 N 23rd Ave Ste 100
Phoenix, AZ 85021

Trans Union, LLC
c/o The Prentice Hall Corporation 8825 N 23rd Ave Ste 100
Phoenix, AZ 85021

Discovery Tier t2

Case Category: Other Civil Case Categories
Case Subcategory: other

Clerk of the Superior Court
*** Electronically Filed ***
J. Nelson, Deputy
3/2/2021 2:46:16 PM
Filing ID 12605589

Person/Attorney Filing: Kevin F McCarthy
Mailing Address: 4250 N. Drinkwater Blvd, Ste 320
City, State, Zip Code: Scottsdale, AZ 85251
Phone Number: (602)492-2826
E-Mail Address: kevin.mccarthy@mccarthylawyer.com
[ ☐ ] Representing Self, Without an Attorney
(If Attorney) State Bar Number: 011017, Issuing State: AZ

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

## IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| John Desouza, et al.<br>Plaintiff(s),<br>v.<br>The Money Source Inc., et al.<br>Defendant(s). | Case No.  **CV2021-003362**<br><br>**CERTIFICATE OF<br>COMPULSORY ARBITRATION** |

I certify that I am aware of the dollar limits and any other limitations set forth by the
Local Rules of Practice for the Maricopa County Superior Court, and I further certify that
this case IS subject to compulsory arbitration, as provided by Rules 72 through 77 of the
Arizona Rules of Civil Procedure.

RESPECTFULLY SUBMITTED this

By: Kevin F McCarthy /s/
     **Plaintiff/Attorney for Plaintiff**

Clerk of the Superior Court
*** Electronically Filed ***
J. Nelson, Deputy
3/2/2021 2:46:16 PM
Filing ID 12605590

Person/Attorney Filing: Kevin F McCarthy
Mailing Address: 4250 N. Drinkwater Blvd, Ste 320
City, State, Zip Code: Scottsdale, AZ 85251
Phone Number: (602)492-2826
E-Mail Address: kevin.mccarthy@mccarthylawyer.com
[  ] Representing Self, Without an Attorney
(If Attorney) State Bar Number: 011017, Issuing State: AZ

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
## IN AND FOR THE COUNTY OF MARICOPA

John Desouza, et al.
Plaintiff(s),
v.
The Money Source Inc., et al.
Defendant(s).

Case No.  **CV2021-003362**

**SUMMONS**

To: The Money Source Inc.

**WARNING: THIS AN OFFICIAL DOCUMENT FROM THE COURT THAT
AFFECTS YOUR RIGHTS.  READ THIS SUMMONS CAREFULLY. IF YOU DO
NOT UNDERSTAND IT, CONTACT AN ATTORNEY FOR LEGAL ADVICE.**

1.  A lawsuit has been filed against you. A copy of the lawsuit and other court papers were
    served on you with this Summons.

2.  If you do not want a judgment taken against you without your input, you must file an
    Answer in writing with the Court, and you must pay the required filing fee. To file your
    Answer, take or send the papers to Clerk of the Superior Court, 201 W. Jefferson,
    Phoenix, Arizona 85003 or electronically file your Answer through one of Arizona's
    approved electronic filing systems at http://www.azcourts.gov/efilinginformation.
    Mail a copy of the Answer to the other party, the Plaintiff, at the address listed on the top
    of this Summons.
    Note: If you do not file electronically you will not have electronic access to the documents
    in this case.

3.  If this Summons and the other court papers were served on you within the State of
    Arizona, your Answer must be filed within TWENTY (20) CALENDAR DAYS from the
    date of service, not counting the day of service. If this Summons and the other court papers
    were served on you outside the State of Arizona, your Answer must be filed within
    THIRTY (30) CALENDAR DAYS from the date of service, not counting the day of
    service.

Requests for reasonable accommodation for persons with disabilities must be made to the court by parties at least 3 working days in advance of a scheduled court proceeding.

GIVEN under my hand and the Seal of the Superior Court of the State of Arizona in and for the County of  MARICOPA

SIGNED AND SEALED this Date: *March 02, 2021*

*JEFF FINE*
Clerk of Superior Court

By: *JACQUELINE NELSON*
Deputy Clerk



Requests for an interpreter for persons with limited English proficiency must be made to the division assigned to the case by the party needing the interpreter and/or translator or his/her counsel at least ten (10) judicial days in advance of a scheduled court proceeding.

If you would like legal advice from a lawyer, contact Lawyer Referral Service at 602-257-4434 or https://maricopabar.org. Sponsored by the Maricopa County Bar Association.

AZturboCourt.gov Form Set #5475796

Clerk of the Superior Court
*** Electronically Filed ***
J. Nelson, Deputy
3/2/2021 2:46:16 PM
Filing ID 12605591

Person/Attorney Filing: Kevin F McCarthy
Mailing Address: 4250 N. Drinkwater Blvd, Ste 320
City, State, Zip Code: Scottsdale, AZ 85251
Phone Number: (602)492-2826
E-Mail Address: kevin.mccarthy@mccarthylawyer.com
[ ] Representing Self, Without an Attorney
(If Attorney) State Bar Number: 011017, Issuing State: AZ

IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
IN AND FOR THE COUNTY OF MARICOPA

John Desouza, et al.
Plaintiff(s),
v.
The Money Source Inc., et al.
Defendant(s).

Case No.  **CV2021-003362**

**SUMMONS**

To: Wells Fargo, N.A.

**WARNING: THIS AN OFFICIAL DOCUMENT FROM THE COURT THAT
AFFECTS YOUR RIGHTS.  READ THIS SUMMONS CAREFULLY. IF YOU DO
NOT UNDERSTAND IT, CONTACT AN ATTORNEY FOR LEGAL ADVICE.**

1.  A lawsuit has been filed against you. A copy of the lawsuit and other court papers were
    served on you with this Summons.

2.  If you do not want a judgment taken against you without your input, you must file an
    Answer in writing with the Court, and you must pay the required filing fee. To file your
    Answer, take or send the papers to Clerk of the Superior Court, 201 W. Jefferson,
    Phoenix, Arizona 85003 or electronically file your Answer through one of Arizona's
    approved electronic filing systems at http://www.azcourts.gov/efilinginformation.
    Mail a copy of the Answer to the other party, the Plaintiff, at the address listed on the top
    of this Summons.
    Note: If you do not file electronically you will not have electronic access to the documents
    in this case.

3.  If this Summons and the other court papers were served on you within the State of
    Arizona, your Answer must be filed within TWENTY (20) CALENDAR DAYS from the
    date of service, not counting the day of service. If this Summons and the other court papers
    were served on you outside the State of Arizona, your Answer must be filed within
    THIRTY (30) CALENDAR DAYS from the date of service, not counting the day of
    service.

Requests for reasonable accommodation for persons with disabilities must be made to the court by parties at least 3 working days in advance of a scheduled court proceeding.

GIVEN under my hand and the Seal of the Superior Court of the State of Arizona in and for the County of  MARICOPA

SIGNED AND SEALED this Date: *March 02, 2021*

*JEFF FINE*
Clerk of Superior Court

By: *JACQUELINE NELSON*
Deputy Clerk



Requests for an interpreter for persons with limited English proficiency must be made to the division assigned to the case by the party needing the interpreter and/or translator or his/her counsel at least ten (10) judicial days in advance of a scheduled court proceeding.

If you would like legal advice from a lawyer, contact Lawyer Referral Service at 602-257-4434 or https://maricopabar.org. Sponsored by the Maricopa County Bar Association.

AZTurboCourt.gov Form Set 85475796

Clerk of the Superior Court
*** Electronically Filed ***
J. Nelson, Deputy
3/2/2021 2:46:16 PM
Filing ID 12605592

Person/Attorney Filing: Kevin F McCarthy
Mailing Address: 4250 N. Drinkwater Blvd, Ste 320
City, State, Zip Code: Scottsdale, AZ 85251
Phone Number: (602)492-2826
E-Mail Address: kevin.mccarthy@mccarthylawyer.com
[ ] Representing Self, Without an Attorney
(If Attorney) State Bar Number: 011017, Issuing State: AZ

IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
IN AND FOR THE COUNTY OF MARICOPA

John Desouza, et al.
Plaintiff(s),
v.
The Money Source Inc., et al.
Defendant(s).

Case No.  **CV2021-003362**

**SUMMONS**

To: Experian Information Solutions, Inc.

**WARNING: THIS AN OFFICIAL DOCUMENT FROM THE COURT THAT
AFFECTS YOUR RIGHTS.  READ THIS SUMMONS CAREFULLY. IF YOU DO
NOT UNDERSTAND IT, CONTACT AN ATTORNEY FOR LEGAL ADVICE.**

1. A lawsuit has been filed against you. A copy of the lawsuit and other court papers were
   served on you with this Summons.

2. If you do not want a judgment taken against you without your input, you must file an
   Answer in writing with the Court, and you must pay the required filing fee. To file your
   Answer, take or send the papers to Clerk of the Superior Court, 201 W. Jefferson,
   Phoenix, Arizona 85003 or electronically file your Answer through one of Arizona's
   approved electronic filing systems at http://www.azcourts.gov/efilinginformation.
   Mail a copy of the Answer to the other party, the Plaintiff, at the address listed on the top
   of this Summons.
   Note: If you do not file electronically you will not have electronic access to the documents
   in this case.

3. If this Summons and the other court papers were served on you within the State of
   Arizona, your Answer must be filed within TWENTY (20) CALENDAR DAYS from the
   date of service, not counting the day of service. If this Summons and the other court papers
   were served on you outside the State of Arizona, your Answer must be filed within
   THIRTY (30) CALENDAR DAYS from the date of service, not counting the day of
   service.

Requests for reasonable accommodation for persons with disabilities must be made to the court by parties at least 3 working days in advance of a scheduled court proceeding.

GIVEN under my hand and the Seal of the Superior Court of the State of Arizona in and for the County of  MARICOPA

SIGNED AND SEALED this Date: *March 02, 2021*

*JEFF FINE*
Clerk of Superior Court

By: *JACQUELINE NELSON*
Deputy Clerk



Requests for an interpreter for persons with limited English proficiency must be made to the division assigned to the case by the party needing the interpreter and/or translator or his/her counsel at least ten (10) judicial days in advance of a scheduled court proceeding.

If you would like legal advice from a lawyer, contact Lawyer Referral Service at 602-257-4434 or https://maricopabar.org. Sponsored by the Maricopa County Bar Association.

Clerk of the Superior Court
*** Electronically Filed ***
J. Nelson, Deputy
3/2/2021 2:46:16 PM
Filing ID 12605593

Person/Attorney Filing: Kevin F McCarthy
Mailing Address: 4250 N. Drinkwater Blvd, Ste 320
City, State, Zip Code: Scottsdale, AZ 85251
Phone Number: (602)492-2826
E-Mail Address: kevin.mccarthy@mccarthylawyer.com
[ ] Representing Self, Without an Attorney
(If Attorney) State Bar Number: 011017, Issuing State: AZ

## IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
## IN AND FOR THE COUNTY OF MARICOPA

John Desouza, et al.
Plaintiff(s),
v.
The Money Source Inc., et al.
Defendant(s).

Case No.  **CV2021-003362**

**SUMMONS**

To: Equifax Information Services, LLC

**WARNING: THIS AN OFFICIAL DOCUMENT FROM THE COURT THAT
AFFECTS YOUR RIGHTS.  READ THIS SUMMONS CAREFULLY. IF YOU DO
NOT UNDERSTAND IT, CONTACT AN ATTORNEY FOR LEGAL ADVICE.**

1. A lawsuit has been filed against you. A copy of the lawsuit and other court papers were
   served on you with this Summons.

2. If you do not want a judgment taken against you without your input, you must file an
   Answer in writing with the Court, and you must pay the required filing fee. To file your
   Answer, take or send the papers to Clerk of the Superior Court, 201 W. Jefferson,
   Phoenix, Arizona 85003 or electronically file your Answer through one of Arizona's
   approved electronic filing systems at http://www.azcourts.gov/efilinginformation.
   Mail a copy of the Answer to the other party, the Plaintiff, at the address listed on the top
   of this Summons.
   Note: If you do not file electronically you will not have electronic access to the documents
   in this case.

3. If this Summons and the other court papers were served on you within the State of
   Arizona, your Answer must be filed within TWENTY (20) CALENDAR DAYS from the
   date of service, not counting the day of service. If this Summons and the other court papers
   were served on you outside the State of Arizona, your Answer must be filed within
   THIRTY (30) CALENDAR DAYS from the date of service, not counting the day of
   service.

Requests for reasonable accommodation for persons with disabilities must be made to the court by parties at least 3 working days in advance of a scheduled court proceeding.

GIVEN under my hand and the Seal of the Superior Court of the State of Arizona in and for the County of  MARICOPA

SIGNED AND SEALED this Date: *March 02, 2021*

*JEFF FINE*
Clerk of Superior Court

By: *JACQUELINE NELSON*
Deputy Clerk



Requests for an interpreter for persons with limited English proficiency must be made to the division assigned to the case by the party needing the interpreter and/or translator or his/her counsel at least ten (10) judicial days in advance of a scheduled court proceeding.

If you would like legal advice from a lawyer, contact Lawyer Referral Service at 602-257-4434 or https://maricopabar.org. Sponsored by the Maricopa County Bar Association.

AZturboCourt.gov Form Set #5475796

Clerk of the Superior Court
*** Electronically Filed ***
J. Nelson, Deputy
3/2/2021 2:46:16 PM
Filing ID 12605594

Person/Attorney Filing: Kevin F McCarthy
Mailing Address: 4250 N. Drinkwater Blvd, Ste 320
City, State, Zip Code: Scottsdale, AZ 85251
Phone Number: (602)492-2826
E-Mail Address: kevin.mccarthy@mccarthylawyer.com
[  ] Representing Self, Without an Attorney
(If Attorney) State Bar Number: 011017, Issuing State: AZ

IN THE SUPERIOR COURT OF THE STATE OF ARIZONA
IN AND FOR THE COUNTY OF MARICOPA

John Desouza, et al.
Plaintiff(s),
v.
The Money Source Inc., et al.
Defendant(s).

Case No.  **CV2021-003362**

**SUMMONS**

To: Trans Union, LLC

**WARNING: THIS AN OFFICIAL DOCUMENT FROM THE COURT THAT
AFFECTS YOUR RIGHTS.  READ THIS SUMMONS CAREFULLY. IF YOU DO
NOT UNDERSTAND IT, CONTACT AN ATTORNEY FOR LEGAL ADVICE.**

1.  A lawsuit has been filed against you. A copy of the lawsuit and other court papers were
    served on you with this Summons.

2.  If you do not want a judgment taken against you without your input, you must file an
    Answer in writing with the Court, and you must pay the required filing fee. To file your
    Answer, take or send the papers to Clerk of the Superior Court, 201 W. Jefferson,
    Phoenix, Arizona 85003 or electronically file your Answer through one of Arizona's
    approved electronic filing systems at http://www.azcourts.gov/efilinginformation.
    Mail a copy of the Answer to the other party, the Plaintiff, at the address listed on the top
    of this Summons.
    Note: If you do not file electronically you will not have electronic access to the documents
    in this case.

3.  If this Summons and the other court papers were served on you within the State of
    Arizona, your Answer must be filed within TWENTY (20) CALENDAR DAYS from the
    date of service, not counting the day of service. If this Summons and the other court papers
    were served on you outside the State of Arizona, your Answer must be filed within
    THIRTY (30) CALENDAR DAYS from the date of service, not counting the day of
    service.

Requests for reasonable accommodation for persons with disabilities must be made to the court by parties at least 3 working days in advance of a scheduled court proceeding.

GIVEN under my hand and the Seal of the Superior Court of the State of Arizona in and for the County of  MARICOPA

SIGNED AND SEALED this Date: *March 02, 2021*

*JEFF FINE*
Clerk of Superior Court

By: *JACQUELINE NELSON*
Deputy Clerk



Requests for an interpreter for persons with limited English proficiency must be made to the division assigned to the case by the party needing the interpreter and/or translator or his/her counsel at least ten (10) judicial days in advance of a scheduled court proceeding.

If you would like legal advice from a lawyer, contact Lawyer Referral Service at 602-257-4434 or https://maricopabar.org. Sponsored by the Maricopa County Bar Association.

DL Investigations & Attorney Support LLC
7501 N. 16th Street, Suite 200
Phoenix, AZ 85020
(602) 285-9901

ORIGINAL

CLERK OF THE
SUPERIOR COURT
FILED
P. KAVANAGH, DEP
2021 Mar
2021 MAR 16 AM 9: 52

Inv. #

**141292**

**SUPERIOR COURT OF THE STATE OF ARIZONA**
**IN AND FOR THE COUNTY OF MARICOPA**

**JOHN DESOUZA, ET AL**

**Plaintiff / Petitioner,**

vs.

**THE MONEY SOURCE INC., ET AL**

**Defendant / Respondent.**

NO.   **CV2021-003362**

CERTIFICATE OF SERVICE

__Geoffrey Roberts_____ , the undersigned certifies under penalty of perjury:  That I am fully qualified pursuant to RCP 4 (d), 4 (e), 45 (b) and/or ARS 13-4072, to serve process in this case, and received for service the following documents in this action:
**SUMMONS & COMPLAINT, CERTIFICATE OF ARBITRATION, CIVIL COVERSHEET**

from _____ **KEVIN F. MCCARTHY c/o McCarthy Law, P.L.C.** _____ on ____ **3/10/21** _____ ;
that I personally served copies of these documents on those named below in the manner and time and place shown; and except where noted, all services were made in Maricopa County, Arizona.

**NAME:**    **EXPERIAN INFORMATION SOLUTIONS c/o CT CORPORATION**

**DATE & TIME:**  3/11/21 2:45pm
**PLACE &**     3800 N. CENTRAL, STE 460, PHOENIX, AZ 85012, which is his/her place of business.
**MANNER:**     By serving Maria Martinez, Clerk, a person authorized to accept such service on their behalf, in person.

Description of the Named: Female, Age: 40's, Ht: 5' 9in., Wt: 240, Eyes: brown, Hair: brown, Ethnicity: Hisp.

**Statement of Costs**

| | |
|---|---|
| Services | $16.00 |
| Mileage | $24.00 |
| Sp. Handl. | |
| Witness | |
| Advances | |
| Cert. Prep | $15.00 |
| Other | $3.90 |
| **Total** | **$58.90** |

Affiant / Registered in
**Maricopa County**

PAGES

The above is covered by A.R.S. as amended 41-314 & 11-45 and Rules 4, 5 and 45.

DL Investigations & Attorney Support LLC
7501 N. 16th Street, Suite 200
Phoenix, AZ 85020
(602) 285-9901



CLERK OF THE
SUPERIOR COURT
FILED
P. KAVANAGH, DEP

Inv. #

**141293**

### SUPERIOR COURT OF THE STATE OF ARIZONA
### IN AND FOR THE COUNTY OF MARICOPA

2021 MAR 16  AM 9: 51

## JOHN DESOUZA, ET AL

                                                    **Plaintiff / Petitioner,**

vs.

## THE MONEY SOURCE INC., ET AL

                                                    **Defendant / Respondent.**

NO. __CV2021-003362__

CERTIFICATE OF SERVICE

**Geoffrey Roberts**                             , the undersigned certifies under penalty of perjury:  That I am fully qualified pursuant to RCP 4 (d), 4 (e), 45 (b) and/or ARS 13-4072, to serve process in this case, and received for service the following documents in this action:

**SUMMONS & COMPLAINT, CERTIFICATE OF ARBITRATION, CIVIL COVERSHEET**

from            **KEVIN F. MCCARTHY c/o McCarthy Law, P.L.C.**            on        **3/10/21**        ;
that I personally served copies of these documents on those named below in the manner and time and place shown; and except where noted, all services were made in Maricopa County, Arizona.

NAME:    **THE MONEY SOURCE INC c/o CT CORPORATION**

DATE & TIME:  3/11/21 2:45pm
PLACE &    3800 N. CENTRAL AVE, STE 460, PHOENIX, AZ 85012, which is his/her place of business.
MANNER:    By serving Maria Martinez, Clerk, a person authorized to accept such service on their behalf, in person.

Description of the Named: Female, Age: 40's, Ht: 5' 9in., Wt: 240, Eyes: brown, Hair: brown, Ethnicity: Hisp.

**Statement of Costs**

| | |
|---|---|
| Services | $16.00 |
| Mileage | $24.00 |
| Sp. Handl. | |
| Witness | |
| Advances | |
| Cert. Prep | $15.00 |
| Other | $3.90 |
| Total | $58.90 |

PAGES

Affiant, Registered in
Maricopa County

The above is covered by A.R.S. as amended 41-314 & 11-45 and Rules 4, 5 and 45.

DL Investigations & Attorney Support LLC
7501 N. 16th Street, Suite 200
Phoenix, AZ 85020
(602) 285-9901

CLERK OF THE
SUPERIOR COURT
FILED
A. HERNANDEZ, DEP

21 MAR 12  AM 11: 55

Inv. #                          **SUPERIOR COURT OF THE STATE OF ARIZONA**
**141290**                  **IN AND FOR THE COUNTY OF MARICOPA**

**JOHN DESOUZA, ET AL**

                                        Plaintiff / Petitioner,

    vs.

**THE MONEY SOURCE INC., ET AL**

                                        Defendant / Respondent.

ORIGINAL

NO.   CV2021-003362

CERTIFICATE OF SERVICE

_____

Tina Nemeth                              , the undersigned certifies under penalty of perjury: That I am fully qualified pursuant to RCP 4 (d), 4 (e), 45 (b) and/or ARS 13-4072, to serve process in this case, and received for service the following documents in this action:
**SUMMONS & COMPLAINT, CERTIFICATE OF ARBITRATION, CIVIL COVERSHEET**

from _____ **KEVIN F. MCCARTHY c/o McCarthy Law, P.L.C.** _____ on _____ **3/10/21** _____ ;
that I personally served copies of these documents on those named below in the manner and time and place shown; and except where noted, all services were made in Maricopa County, Arizona.

**NAME:**   **TRANS UNION, LLC c/o PRENTICE-HALL CORPORATION SYSTEM**

**DATE & TIME:**  3/10/21 1:00pm
**PLACE &**   8825 N. 23RD AVE, STE 100, PHOENIX, AZ 85021, which is his/her place of business.
**MANNER:**   By serving Brooklyn Vandeventer, Service of Process Coordinator, a person authorized to accept such service on their behalf, in person.

Description of the Named: Female, Age: 20's, Ht: 5' 3in., Wt: 185, Eyes: blue, Hair: brown, Ethnicity: Cauc.

**Statement of Costs**

| | | |
|---|---|---|
| Services | $16.00 | |
| Mileage | $28.80 | |
| Sp. Handl. | | |
| Witness | | |
| Advances | | |
| Cert. Prep | $15.00 | PAGES |
| Other | $3.90 | |
| **Total** | **$63.70** | |

**Affiant - Registered in**

**Maricopa County**

The above is covered by A.R.S. as amended 41-314 & 11-45 and Rules 4, 5 and 45.

DL Investigations & Attorney Support LLC
7501 N. 16th Street, Suite 201
Phoenix, AZ  85020
(602) 285-9901

CLERK OF THE
SUPERIOR COURT
FILED
A. HERNANDEZ, DEP

Inv. #

**141291**

21 MAR 12  AM 11: 55

## SUPERIOR COURT OF THE STATE OF ARIZONA
## IN AND FOR THE COUNTY OF MARICOPA

**JOHN DESOUZA, ET AL**

                                **Plaintiff / Petitioner,**

vs.

**THE MONEY SOURCE INC., ET AL**

                             **Defendant / Respondent.**

ORIGINAL

NO.  **CV2021-003362**

CERTIFICATE OF SERVICE

_Tina Nemeth_____, the undersigned certifies under penalty of perjury:  That I am fully qualified pursuant to RCP 4 (d), 4 (e), 45 (b) and/or ARS 13-4072, to serve process in this case, and received for service the following documents in this action:

**SUMMONS & COMPLAINT, CERTIFICATE OF ARBITRATION, CIVIL COVERSHEET**

from _____**KEVIN F. MCCARTHY c/o McCarthy Law, P.L.C.**_____ on _____**3/10/21**_____;
that I personally served copies of these documents on those named below in the manner and time and place shown; and except where noted, all services were made in Maricopa County, Arizona.

**NAME:**  **EQUIFAX INFORMATION SERVICES, LLC c/o CORPORATION SERVICE COMPANY**

**DATE & TIME:**  3/10/21 1:00pm
**PLACE &**  8825 N. 23RD AVE, STE 100, PHOENIX, AZ 85021, which is his/her place of business.
**MANNER:**  By serving Brooklyn Vandeventer, Service of Process Coordinator, a person authorized to accept such service on their behalf, in person.

Description of the Named: Female, Age: 20's, Ht: 5' 3in., Wt: 185, Eyes: blue, Hair: brown, Ethnicity: Cauc.

| Statement of Costs | |
|---|---|
| Services | $16.00 |
| Mileage | $24.00 |
| Sp. Handl. | |
| Witness | |
| Advances | |
| Cert. Prep | $15.00 |
| Other | $3.90 |
| Total | $58.90 |

PAGES

**Affiant - Registered in**

**Maricopa County**

The above is covered by A.R.S. as amended 41-314 & 11-45 and Rules 4, 5 and 45.

DL Investigations & Attorney Support LLC
7501 N. 16th Street, Suite 200
Phoenix, AZ 85020
(602) 285-9901



CLERK OF THE
SUPERIOR COURT
FILED
P. KAVANAGH, DEP

2021 MAR 16 AM 9: 51

Inv. #
141294

## SUPERIOR COURT OF THE STATE OF ARIZONA
## IN AND FOR THE COUNTY OF MARICOPA

**JOHN DESOUZA, ET AL**

Plaintiff / Petitioner,

vs.

**THE MONEY SOURCE INC., ET AL**

Defendant / Respondent.

NO. **CV2021-003362**

CERTIFICATE OF SERVICE

_Geoffrey Roberts_____, the undersigned certifies under penalty of perjury: That I am fully qualified pursuant to RCP 4 (d), 4 (e), 45 (b) and/or ARS 13-4072, to serve process in this case, and received for service the following documents in this action:
**SUMMONS & COMPLAINT, CERTIFICATE OF ARBITRATION, CIVIL COVERSHEET**

from _____ **KEVIN F. MCCARTHY c/o McCarthy Law, P.L.C.**_____ on ____**3/10/21**_____ ;
that I personally served copies of these documents on those named below in the manner and time and place shown; and except where noted, all services were made in Maricopa County, Arizona.

**NAME:**   **WELLS FARGO, NA c/o CT CORPORATION**

**DATE & TIME:** 3/11/21 2:45pm
**PLACE &**   3800 N. CENTRAL, STE 460, PHOENIX, AZ 85012, which is his/her place of business.
**MANNER:**   By serving Maria Martinez, Clerk, a person authorized to accept such service on their behalf, in person.

Description of the Named: Female, Age: 40's, Ht: 5' 9in., Wt: 240, Eyes: brown, Hair: brown, Ethnicity: Hisp.

**Statement of Costs**

| | |
|---|---|
| Services | $16.00 |
| Mileage | $24.00 |
| Sp. Handl. | |
| Witness | |
| Advances | |
| Cert. Prep | $15.00 |
| Other | $3.90 |
| **Total** | **$58.90** |

PAGES

Affiant / Registered in
**Maricopa County**

The above is covered by A.R.S. as amended 41-314 & 11-45 and Rules 4, 5 and 45.